UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT BERGEN,

        Plaintiff,

   v.

CHARLES FRENCH, *et al.*,

        Defendants.

Case No. C05-5722RJB

ORDER STRIKING ORDERS REGARDING DISCOVERY, INITIAL DISCLOSURE, SETTLEMENT, AND FILING OF A JOINT STATUS REPORT AND DIRECTING PLAINTIFF TO SHOW CAUSE

    This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This action has been removed from state court and one of the defendants has filed an answer. (Dkt. # 7). Normally a scheduling order would issue at this point.

    Review of the file shows that orders were entered by the District Court Judge prior to referral. Those orders deal with discovery disclosures and scheduling. Those are issues under the purview of this court once a case is referred. The Orders, (Dkt # 2 and 3), are hereby **STRICKEN**.

    Review of the file and complaint shows that plaintiff is a resident at the Special Commitment Center. (Dkt. # 1, Exhibit 3, page 2). He is not directly challenging his civil commitment status.

ORDER - 1

Instead, plaintiff challenges a predicate conviction that occurred in 1997 in Snohomish County Superior Court. In the conclusion section of the complaint plaintiff states:

> "Plaintiff asks only the opportunity to have a Court ordered hearing in which the Court would subpoena certain former jurors, court personnel and/or defendants, and have certain questions answered under oath. **In such a hearing Plaintiff could also present new documentary evidence raising substantive questions as to his original 'guilt' in the Snohomish County case underlying his present incarceration.**"

(Dkt. # 1, Exhibit 3, page 21)(emphasis added). Plaintiff seek to collaterally challenge his current confinement by attacking the predicate conviction.

Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed. Plaintiff is precluded from seeking relief in a civil rights action that calls into question the propriety of his current custody. Plaintiff challenges his current custody collaterally by attacking the predicate conviction. (Dkt. # 1, Exhibit 3). When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). Plaintiff is filing a collateral challenge to the legality of his continued confinement in this action and this action must proceed by was of habeas corpus.

It appears plaintiff may be precluded from filing any habeas action challenging his 1997 Snohomish County Conviction, but that issue is not before the court. *See*, Bergen v. Seling, 04-CV-5155RBL. (Dismissed as second or successive).

Plaintiff shall show cause why this action should not be dismissed on or before **January 13th, 2006.**

The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

DATED this 8th day of December, 2005.

/S/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER - 2