UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT BERGEN,

    Plaintiff,

    v.

CHARLES FRENCH, *et al.*,

    Defendants.

Case No. C05-5722RJB

REPORT AND RECOMMENDATION

**NOTED FOR:**
February 24th, 2006

    This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court are multiple motions to dismiss this action and a court order to show cause why the action should not be dismissed.  (Dkt. # 10 through 26).

<u>Procedural History</u>

    The procedural history of this action is complex.  The court will set forth the history to the best of its ability.  This action was originally filed in Pierce County Superior Court on October 10th, 2005. The action was removed from state court by the Washington State Attorney General's Office who represents one of the defendants, Judge Alexander.  (Dkt. # 1).  Plaintiff was granted *in forma pauperis* status by the state court prior to removal.  Plaintiff is not an inmate or a prisoner.  He is a

REPORT AND RECOMMENDATION - 1

civilly committed resident at the Special Offender Center. (Dkt. # 10). A 1997 Snohomish County conviction is a predicate offense to his current commitment. Defendant Alexander filed an answer after removing this action to federal court. (Dkt. # 7). The answer raised lack of proper service and immunity as defenses. Normally when an answer is filed a scheduling order would issue on cases referred to a Magistrate Judge.

The review of the file showed that orders regarding discovery had been entered by the District Court Judge prior to referral to the Magistrate Judge. Those orders were struck and an order to show cause why the action should not be dismissed for failure to state a claim was entered. (Dkt. # 10). That order gave plaintiff until January 13th 2006 to show cause why this action should not be dismissed without prejudice as plaintiff was indirectly challenging his 1997 conviction and directly challenging rulings made by state appellate courts regarding the validity of his 1997 conviction. (Dkt. # 10).

Six days after that order was entered Snohomish County defendants filed a motion to dismiss and argue plaintiff has filed many prior actions, 5 in state court and 7 in federal court. (Dkt. # 12). Snohomish County does not indicate all the prior actions deal with the propriety or validity of the 1997 conviction, however there is an implication that all the actions are connected to that conviction. Snohomish County moves to dismiss for failure to state a claim and asks the action be counted as a strike under 28 U.S.C. § 1915 (g). (Dkt. # 12). The motion raises 12 (b)(6), 12 (b)(1), 12 (b)(5), and unenumerated 12 (b) issues. These issues include lack of proper service, immunity, and failure to state a claim. The failure to state a claim argument includes failure to state a claim because the action calls into question the propriety of the 1997 conviction that has not been overturned.

State defendants represented by the Washington State Attorney General's Office moved to join the motion to dismiss despite having previously filed an answer and the state defendants ask for dismissal with prejudice. (Dkt. # 14). Defendant Morgan Witt, a private attorney who represented plaintiff at some phase of his 1997 criminal proceeding, also filed a motion to join the motion to dismiss. This defendant also raises service of process issues. (Dkt. # 15).

One day after defendant Witt asked to be included in the motion to dismiss plaintiff filed a

REPORT AND RECOMMENDATION - 2

motion to withdraw this action without prejudice. (Dkt. # 17). Replies, and responses to the pending motions followed. (Dkt. # 18 to 26). The court notes that plaintiff did not specifically comply with the courts order to show cause why the action should not be dismissed, but, the court considers plaintiffs motion to withdraw the complaint as an admission the case cannot proceed. (See, Dkt. 10 and 17).

## DISCUSSION

The fact that different defendants are represented by separate counsel has added to this cases complexity. There are certain filings which have significance and preclude or limit other filings. The court will address the pleadings generally and then turn to the issues of service of process motions to dismiss and the court's order to show cause.

Plaintiff filed his motion to withdraw the complaint without prejudice on December 16th, 2005. (Dkt. # 17). Plaintiff's motion must be made under Fed. R. Civ. P. 41(a)(1). Such motions must be made prior to the filing of an answer. Here, an answer was filed by defendant Alexander on November 14th, 2005. (Dkt. # 7). Plaintiff's motion to withdraw the complaint is untimely and should not be considered.

The court next considers the state defendants attempt to join in a motion to dismiss. Fed. R. Civ. P. 12 (b) allows for the filing of certain defenses by motion made at the defendants option. The rule states the motion "shall be made **before pleading if a further pleading is permitted."** The filing of an answer is a pleading and a significant event in litigation. The filing of an answer precludes certain other motion practice like the filing of a motion or notice to dismiss by plaintiff, (see above). The filing of an answer should also preclude the filing of a motion to dismiss under 12 (b)(6) by defendants. Improper motions to dismiss after the filing of an answer are all too common place.

Motions to dismiss after the filing of an answer may be properly brought under Fed. R. Civ. P. 56 (c) or under Fed. R. Civ. P 12 (c), but the time for properly filing a motion that challenges only the sufficiency of the complaint has past for the state defendants. The states motion is improper except to the extent it challenges sufficiency of service of process or subject matter jurisdiction.

REPORT AND RECOMMENDATION - 3

1  Generally issues regarding jurisdiction may be raised at any time.

2      The answer filed by the state defendants raises and preserves certain affirmative defenses, including immunity from suit, and lack of proper service. (Dkt. # 7). Defendant Witt's motion also raises lack of proper service as grounds for dismissal. Thus, no defendant has appeared and waived service in this action.

    The next issue the court addresses is defendants argument that this action should count as a strike under 28 U.S.C. 1915 (g). Were plaintiff an inmate or prisoner this argument would carry great weight. By its very terms 28 U.S.C. 1915 (g) applies only to prisoners proceeding *in form pauperis*. The plaintiff is a resident who is civilly committed , not a prisoner. Further, this action was removed form state court and not filed in this court by the plaintiff. The grant of *in forma pauperis* status was done in state court prior to removal. This action should not count as a strike and removal of *in forma pauperis* status at this level is not properly before the court. The court should not entertain the motion to count this action as a strike.

    Remaining is every defendants motion or pleading challenging the sufficiency of service of process. Also remaining is the Snohomish county and defendant Witt's motion to dismiss, and the courts order to show cause.

    Fed. R. Civ. P. 41 (m) covers lack of proper service. Normally a person has 120 days to serve the defendants. Federal Rule of Civil Procedure 4 (m) indicates that if service of a <u>summons and complaint</u> is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir.1987). This case was commenced October 10th, 2005 when plaintiff filed the action in state court the 120th day will be February 7th, 2006. (Dkt. # 1-3, page 1). It has not been 120 days since the filing of the action and any a motion to dismiss for lack of proper service is premature.

    The motions to dismiss and the court's order to show cause both address the fact that plaintiff is attempting to challenge the validity of his 1997 conviction in a civil rights action and he cannot do so. (Dkt. # 10). This case clearly implicates the propriety and validity of plaintiff's 1997

REPORT AND RECOMMENDATION - 4

criminal conviction.  The case cannot proceed as a civil rights action.  In fact, until and unless plaintiff receives relief through a federal habeas corpus action, or the state equivalent, his cause of action will not accrue.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"  Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

The fact that this plaintiff has filed several challenges and is now precluded from proceeding with a habeas action without leave of the Ninth Circuit is irrelevant.  See, Bergen v. Seling, CV 04-5155RBL, (transferring Mr. Bergen's latest habeas petition as second or successive).  The cause of action he attempts to file today is inchoate.

This cause of action has not accrued and will not accrue unless habeas relief is granted.  The action should be **DISMISSED WITHOUT PREJUDICE.**  Plaintiff is warned that repetitive filings of an action of this nature may result in sanctions under Rule 11 in the future.  Those sanctions may include attorneys fees.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

REPORT AND RECOMMENDATION - 5

1  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
2  appeal.  Thomas v Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b),
3  the clerk is directed to set the matter for consideration on **February 24th, 2006**, as noted in the
4  caption.

6  DATED this 30th day of January, 2006.

8  /S/ J. Kelley Arnold
   J. Kelley Arnold
9  United States Magistrate Judge

28 REPORT AND RECOMMENDATION - 6