UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT BERGEN,

           Plaintiff,

    v.

CHARLES FRENCH, et al.,

           Defendants.

Case No. C05-5722RJB

ORDER ADOPTING REPORT
AND RECOMMENDATION AND
DISMISSING CASE

This matter comes before the Court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 27-1. The Court has considered the relevant documents and the file herein.

**I.   FACTS**

On October 10, 2005, Plaintiff, a resident of the Special Commitment Center (SCC), filed a civil rights complaint against several defendants in Washington State Superior Court. Dkt. 1. Plaintiff, who is proceeding *in forma pauperis* by order of the state court, challenges his civil commitment. *Id*. Plaintiff seeks monetary damages and declaratory relief. *Id*. The case was removed to this Court on November 4, 2005. *Id*.

On January 30, 2006, U.S. Magistrate J. Kelley Arnold issued a Report and Recommendation, recommending that the action be dismissed without prejudice because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 27-1.

**II.   DISCUSSION**

Plaintiff contends that, as a result of the actions of the Defendants, he is being unlawfully detained under RCW 71.09, in violation of his constitutional rights. Dkt.1.

ORDER
Page - 1

A claim that relates to the fact and duration of confinement is not cognizable in a civil rights action unless an inmate can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). The proper avenue to challenge the fact or duration of confinement is to file a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Wilkinson v. Dotson*, 125 S.Ct. 1242, 1248 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). *Emphasis in the original*. *Heck v. Humphrey* applies to persons detained as sexually violent predators who have access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005). Before a petition for writ of habeas corpus may be brought in federal court, state remedies must be exhausted. *Rose v. Lundy*, 455 U.S. 509 (1982).

Plaintiff's claims alleging that his confinement as a sexually violent predator is illegal due to the conduct of the Defendants are challenges to the fact or duration of his confinement. He has not demonstrated that his detention has been invalidated; in fact, Plaintiff is currently detained at the SCC, allegedly as a result of the criminal and civil commitment proceedings he contends were unlawful. Plaintiff's claims for declaratory relief and damages should be dismissed as barred by *Heck v. Humphrey*.

Therefore, it is hereby,

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 27-1), is **ADOPTED**. The case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may only bring these claims in a subsequent civil action upon a sufficient showing that his confinement or detention has been invalidated.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 3rd day of March, 2006.

Robert J. Bryan
United States District Judge

ORDER
Page - 2